[Cite as *State v. Frost*, 2014-Ohio-2645.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100498**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRY FROST

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-527425

**BEFORE:** McCormack, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 19, 2014

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Bldg., Suite 940
526 Superior Ave.
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Daniel T. Van
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} This is defendant-appellant, Terry Frost's, second appeal over his consecutive sentence. In the first appeal, we remanded the case to the trial court because it did not make the finding that the consecutive sentence was "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" required by R.C. 2929.14(C). Upon remand, the trial court conducted a sentencing hearing and, after entertaining argument from the state and the defense counsel, made the finding that the consecutive sentence was not disproportionate to the seriousness of Frost's conduct and to the danger he poses to the public. Frost appeals from his consecutive sentence again.

{¶2} In this appeal, Frost raises three assignments of error for our review. They state:

1. The Court of Appeals violated Appellant's constitutional rights under the Ohio and U.S. Constitution when it by [sic] ordered the trial court to undertake further analysis and make further findings at a resentencing hearing.

2. The trial court again erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

3. Appellant is entitled to a new sentencing hearing as the trial court failed to impose a period of postrelease control at the resentencing hearing.

{¶3} Frost was indicted for multiple counts in two separate cases. In Cuyahoga C.P. No. CR-09-527425, he was indicted for two counts of kidnapping with sexual

motivation specifications, two counts of gross sexual imposition, and one count of attempted rape. The victim was a 14-year-old girl. In Cuyahoga C.P. No. CR-09-529266, he was indicted for two counts of theft. Pursuant to a plea bargain, he pleaded guilty in C.P. No. CR-09-527425 to two counts of attempted abduction and two counts of gross sexual imposition. In C.P. No. CR-09-529266, he pleaded guilty to two counts of theft. The trial court sentenced him to three years of community control sanctions, advising him that he could be subject to six years of prison in C.P. No. CR-09-527425 and a concurrent term of two years in C.P. No. CR-09-529266 if he were to violate his community control.

{¶4} Subsequently, Frost was found to violate his community control on three separate occasions. In an October 2012 community control violation hearing, the trial court, noting Frost's history of sex offenses involving children and abuse of dangerous drugs, sentenced him to concurrent18 months on the two counts of attempted abduction and concurrent 18 months on the two counts of gross sexual imposition, to be served consecutively.

{¶5} Regarding consecutive sentences, this court has required that, pursuant to R.C. 2929.14(C), when the trial court imposes a consecutive sentence, it must find expressly that (1) the sentence is "necessary to protect the public from future crime or to punish the offender," (2) the sentence is "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) one of the R.C. 2929.14(C)(4) factors applies: (a) the offender committed the offenses while

awaiting trial or sentencing, or was under postrelease control for a prior offense; (b) the multiple offenses were committed as part of a course of conduct, and the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453.

{¶6} At the October 2012 hearing, the trial court made the finding that a consecutive sentence was necessary to protect the public from future crime or to punish the offender and the R.C. 2929.14(C)(4)(b) finding that Frost's history of criminal conduct demonstrated that a consecutive sentence was necessary to protect the public from future crime. However, because the trial court failed to make the "not-disproportionate" finding, we reversed Frost's consecutive sentence, and remanded "for sentencing consistent with R.C. 2929.14(C)." *Frost* at ¶ 31.

{¶7} In this appeal, under the first assignment of error, Frost claims this court violated his constitutional rights when we ordered the trial court "to undertake further analysis and make further findings at a re-sentencing hearing." He argues that, in so instructing the trial court, this court was "substituting its judgment of that of the trial court," and "essentially becoming a finder of fact." He argues this court should have reversed and ordered the sentences to be served concurrently on the ground that the requisite findings were not made.

**{¶8}** First, Frost misconstrues our instructions to the trial court upon remand. In a recent en banc decision, *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, this court had the opportunity to clarify the trial court's duty when a case is remanded for resentencing. The trial court is to determine if the statutory finding(s) it had failed to make would be warranted under the circumstances of the case and, if so, to make the findings prior to imposing consecutive sentences. *Id*. at ¶ 28. Thus, in remanding for resentencing, this court is in no way substituting its judgment for the trial court's judgment.

**{¶9}** Second, regardless of the merit of Frost's claim, we note that the proper forum for challenging this court's decision in *Frost* is the Supreme Court of Ohio. Frost did not appeal our *Frost* decision to the Supreme Court of Ohio and therefore waived any claims regarding that decision. The first assignment of error is overruled.

**{¶10}** The second and third assignments in this appeal both relate to whether the resentencing hearing is de novo or limited to the findings for consecutive sentences. This court clarified that issue as well in *Nia*, *supra*. A remand for resentencing is not de novo. It is limited in scope and only requires that the trial court make the necessary findings, if warranted, before imposing consecutive sentences. *Nia* at ¶ 28.

**{¶11}** Frost claims that the trial court, upon remand, is required to make all three statutory findings and it erred in making only the "not-disproportionate" finding. This claim lacks merit. The trial court is bound by this court's prior determination that two of the three findings had been made. The trial court could not revisit the findings it had

already made because they are now the law of the case. Rather, the scope of the remand is limited to the finding(s) lacking in the original sentencing hearing. If the finding(s) are warranted by the circumstances and the court makes the finding(s), the court is permitted to impose consecutive sentences. The trial court here did exactly what was required upon remand.

{¶12} At the outset of the resentencing hearing, the trial court acknowledged this court's decision in *Frost* and, properly, limited the hearing to the "not-disproportionate" finding amiss from the original sentencing hearing. The court entertained argument from the state and the defense regarding whether the circumstances in this case warranted a finding that a consecutive sentence was not to disproportionate to Frost's conduct and to the danger he poses to the public.

{¶13} After hearing argument from both sides, the court made the finding that a consecutive sentence would not be disproportionate, and gave the following reasons:

> This case was prosecuted on a theory that you, on two separate occasions, imposed yourself on the victim, held the victim against her will, and then rubbed your penis against her body until you ejaculated. Because you would not stay sober and continued to use crack cocaine, the Court could not safely keep you in the community, so your conduct was exceedingly serious.
>
> There was — the state had planned, if you had gone to trial to introduce evidence, that you had made known to your victim, who was 14, that you had a gun and you were not, quote, afraid to use it, end quote, so your conduct was exceedingly serious.
>
> By virtue of that very conduct and the fact that you would not stay sober but continued to use crack cocaine, despite your medical condition, then your conduct was serious and the danger you posed to the public was enormous.

The Court finds today, as I think I could have if I had attended to business more thoroughly at your original sentencing, that consecutive sentences are not disproportionate to the seriousness of your conduct. Your consecutive sentences net you three years in prison. You could have received more than that.

The Court, of course, the same day it imposed the consecutive sentences in this case netting you that three year sentence, could have given you additional time on your other case, the 529 case in which you were convicted of multiple theft offenses, but the Court didn't do that. I've narrowly focused the sentence to that which pertains to the sex offenses and pertains to a community danger, and danger of the highest order, namely sex offenses. That is the Court's finding and I'm going to again impose the consecutive sentences.

{¶14} Thus, the record reflects the trial court did exactly what it was required to do upon remand.

{¶15} The third assignment of error relates to the advisement of postrelease control. At the October 2012 sentencing hearing, the trial court advised Frost regarding his postrelease and also included the terms of postrelease control in the sentencing entry. *Frost* at ¶ 19. Under the third assignment of error, Frost claims the trial court erred in not advising him of postrelease control at resentencing. The determination regarding the limited scope of the remand this court reached in *Nia* similarly disposes of this assignment of error.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR