[Cite as *State v. Matthews*, 2014-Ohio-3137.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100476**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STACEY MATTHEWS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-549605-A

**BEFORE:** Jones, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Daniel T. Van
       Brett Hammond
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Stacey Matthews appeals her sentence on five counts of felonious assault. We affirm in part, reverse in part, and remand.

{¶2} In 2011, Matthews was charged with seven counts of felonious assault and two counts of assault stemming from an incident at a McDonald's parking lot where she drove her car in reverse at a high rate of speed, hitting five people. The case proceeded to a trial by jury at which she was convicted of five counts of felonious assault. At the sentencing hearing, the trial court imposed an aggregate prison sentence of seven years, with Count 2 and Count 4 to run consecutive to each other.

{¶3} Matthews appealed, and this court affirmed her convictions, but found the record did not demonstrate that the trial court engaged in the required analysis to impose consecutive sentences and remanded the case to the trial court for resentencing. *State v. Matthews*, 8th Dist. Cuyahoga No. 97916, 2012-Ohio-5174, ¶ 49 - 50 ("*Matthews I*").

{¶4} In September 2013, the trial court held a resentencing hearing at which time the trial court resentenced Matthews to seven years in prison. The court again ordered Counts 2 and 4 to run consecutive to each other.

{¶5} Matthews filed a timely notice of appeal and raises the following assignments of error for our review:

> I. The Court of Appeals violated Appellant's constitutional rights under the Ohio and U.S. Constitution when it ordered the trial court to undertake further analysis and make further findings at a resentencing hearing.
>
> II. The trial court again erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

{¶6} In her first assignment of error, Matthews claims that this court violated her constitutional rights by ordering the trial court to make findings under R.C. 2929.14 at the resentencing hearing. She claims that because this court, in *Matthews I*, "specifically instruct[ed] the trial court what to do, it is substituting its judgment [for] that of the trial court" and becoming a finder of fact. She also contends that this court should have simply modified her sentence under R.C. 2953.08 and ran her sentences concurrently rather than remanding the case to the lower court to make factual findings for consecutive sentences.

{¶7} This assignment of error is not properly before this court. Matthews challenges this court's decision in *Matthews I*, but our decision in that case cannot be reviewed by this court at this time. If Matthews had wanted to challenge our decision in *Matthews I*, her recourse was to seek reconsideration in this court pursuant to App.R. 26(A) or leave for our decision to be considered by the Ohio Supreme Court. *State v. Devaughns*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791, ¶ 9. She chose neither of these options.

{¶8} Therefore, the first assignment of error is overruled.

{¶9} In the second assignment of error, Matthews argues that the trial court did not make the requisite findings to impose consecutive sentences.

{¶10} This court has previously established the appropriate standard of review for evaluating a claim that a trial court did not make the required findings under R.C. 2929.14(C)(4):

> R.C. 2953.08(G)(2) states that when reviewing prison sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the statute permits the appellate court to

reverse the trial court's imposition of consecutive sentences upon an offender if we "clearly and convincingly" find that, (1) "the record does not support the sentencing court's findings under [R.C. 2929(C)(4)]" or that, (2) "the sentence is otherwise contrary to law." *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 11.

*State v. McKinney*, 8th Dist. Cuyahoga No. 99270, 2013-Ohio-5730, ¶ 27.

{¶11} Pursuant to R.C. 2929.14(C)(4), the trial court is required to make three separate and distinct findings before imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Third, the trial court must make at least one of the following additional findings:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶12} In a recent en banc decision, *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, this court adopted the strict approach set forth in *Venes,* that

"compliance with R.C. 2929.14(C)(4) requires the trial court to make separate and distinct findings in addition to any findings relating to the purposes and goals of criminal sentencing." *Nia* at ¶ 13. "*Venes* rejected a piecemeal approach by which a reviewing court reviews and interprets the entire record in an attempt to decipher the trial court's findings." *Id.*

{¶13} A review of the transcript in this case shows that the trial court failed to make the requisite statutory findings. The trial court found that consecutive sentences were not disproportionate to the seriousness of Matthews's conduct and to the danger she poses to the public when it stated that

> these two consecutive sentences were not disproportionate to the seriousness because of the serious injuries that each of these people had and the continuing reaction you had after this offense.

{¶14} The court also found, pursuant to R.C. 2929.14(C)(4)(b), that at least two of the offenses were committed as part of a course of conduct and that the harm caused by those offenses was so great or unusual that a single prison term did not adequately reflect the seriousness of the offender's conduct when the trial court stated that there were "multiple offenses, and they were all committed as part of this course of conduct, and the harm to two or more people was so great or unusual that I didn't think a single term was appropriate." But the trial court failed to specifically find that consecutive service was necessary to protect the public from future crime or to punish Matthews.

{¶15} Consequently, and in light of this court's recent decision in *Nia*, because the trial court did not comply with R.C. 2929.14(C)(4) in sentencing Matthews to consecutive sentences, the second assignment of error is sustained.

{¶16} Upon remand, the trial court is to determine if the statutory findings it failed

to make would be warranted under the circumstances of the case and, if so, to make the findings prior to imposing consecutive sentences on Counts 2 and 4. *Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, at ¶ 28.

{**¶17**} Judgment affirmed in part, reversed in part, and case remanded.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR