[Cite as *State v. Matthews*, 2015-Ohio-4072.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102217**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STACEY MATTHEWS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-549605-A

**BEFORE:** McCormack, J., Jones, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** October 1, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 W. St. Clair
Suite 212
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Norman Schroth
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Stacey Matthews, appeals her consecutive sentence for the third time. For the following reasons, we affirm.

{¶2} In April 2011, Matthews was charged with seven counts of felonious assault and two counts of assault. The charges stemmed from an incident at a McDonald's parking lot where she drove her car in reverse at a high rate of speed, injuring five people. A jury convicted Matthews of five counts of felonious assault. The trial court sentenced Matthews to an aggregate prison term of seven years, ordering Counts 2 and 4 to run consecutive to each other. Matthews appealed her conviction and sentence. On appeal, this court affirmed her convictions. We found, however, that the trial court failed to make the requisite consecutive sentence findings and remanded for resentencing. *See State v. Matthews*, 8th Dist. Cuyahoga No. 97916, 2012-Ohio-5174 ("*Matthews I*").

{¶3} In September 2013, the trial court held a resentencing hearing, during which the court resentenced Matthews to seven years, again ordering Counts 2 and 4 to be served consecutively. Matthews appealed her sentence. On appeal, this court determined that the trial court, once again, failed to make the findings necessary for consecutive sentences. We specifically determined that the trial court found that consecutive sentences were not disproportionate to the seriousness of Matthews's conduct

and to the danger she poses to the public and that at least two of the offenses were committed as part of a course of conduct and that the harm caused by those offenses was so great or unusual that a single prison term did not adequately reflect the seriousness of the offender's conduct. We found, however, that the trial court failed to specifically find that consecutive sentences were necessary to protect the public from future crime or to punish Matthews. We therefore remanded for the trial court to determine if the statutory findings it failed to make would be warranted under the circumstances of the case and, if so, to make the findings prior to imposing consecutive sentences on Counts 2 and 4. *See State v. Matthews*, 8th Dist. Cuyahoga No. 100476, 2014-Ohio-3137 (*"Matthews II"*).

**{¶4}** After the second remand, the trial court held another sentencing hearing in October 2014. The trial court acknowledged this court's limited remand in *Matthews II*, as noted above. However, the court stated that in an effort to "get it right this time," and over the state's objection, it would conduct a "normal sentencing."

**{¶5}** The court then proceeded to hear statements from the prosecutor, two of the victims, defense counsel, and Matthews. At this time, the prosecutor reiterated the facts of the case, stating that Matthews "floored [her car] in reverse," driving in the direction of a large group of people, and she ran over one victim and hit another with her open car door. The prosecutor stated that Matthews then continued to flee the scene. He advised the court that he believes consecutive sentences are appropriate in this case. The victims then explained their injuries to the court and requested that the court resentence Matthews to seven years in prison. Thereafter, defense counsel stated that

Matthews is a first-time offender, she has been a model prisoner, she has participated in "all the programs that have been made available to her," and she has learned a lot from being in prison. He requested a sentence of less than five years, thus making the sentences for the two counts concurrent. Finally, Matthews apologized and asked for forgiveness, expressing her regret for the pain she has caused her family and the victims.

**{¶6}** Before imposing sentence, the trial court indicated that it requested the victims to provide a statement to the court once again in order to "cover all the bases" regarding this court's remand. The court then stated that it would re-impose the original sentence because, although the training in which Matthews has participated is "laudable, * * * [it does not] change the facts of the case."

**{¶7}** The court reiterated Matthews's sentence and stated as follows:

[M]y thinking was at the time, and what I said in the case, had to do with the nature of the conduct, the nature of the injuries sustained by these two people and the other people who were not there for the sentencing. The fact that it was discussed by [assistant prosecutor] here, by fleeing the scene, and then fleeing after being stopped and running into the neighborhood.

Ms. Matthews doesn't have a record. You don't believe that she is someone who is a current danger or posing a danger of reoffending to the public. But there's [an] issue about punishment for what occurred.
So my thinking in terms of making these consecutive is to — that there was more than one, or multiple, offenses here. * * * It was multiple offenses, committed as part of one course of conduct. The harm was caused to more than one person. It was so great or unusual that no single prison term for any one of the offenses committed would adequately reflect the seriousness of the conduct.

And again, I think it has to [do] with the matter of punishment.

**{¶8}** Thereafter, in an effort to clarify what the court had stated regarding consecutive sentences, the state submitted as follows:

> Your Honor, the court indicated, and previously did indicate, at least two of the multiple offenses were committed as part of one or more courses of conduct. And the harm caused by two or more multiple offenses so committed was so great or unusual that no single prison term for any of the prison — offenses committed adequately reflect the seriousness of the offender's conduct.
>
> And the [state] just wants to make sure the record is clear that the court did find previously, did find and is still finding, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct.
>
> And Your Honor mentioned punishment. It should be made very clear * *
>
> * that this court is imposing consecutive sentences because it is necessary to
>
> protect the public from future harm or to punish Ms. Matthews.

**{¶9}** In response, the court stated that "[i]f [it] didn't say all those things as crudely as you put them on the record, [it] intended to do so * * *." The court then advised Matthews that her sentence included a mandatory three years of postrelease control.

**{¶10}** Finally, the court stated that the original restitution order in the amount of $3,000 for Mr. Strange and $24,000 for Ms. Ostricker "will stay the same." Defense counsel advised the court that Matthews does not have the ability to pay the restitution and requested the court waive the restitution orders. In response, the court stated that it will continue the orders of restitution because "those orders were appropriate" at the time of the original sentencing.

**{¶11}** In this third appeal, Matthews raises two assignments of error for our review:

> I.   The trial court again erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and H.B. 86.

> II.   The trial court erred by ordering appellant to make restitution without properly determining appellant's ability to pay.

Consecutive Sentences

**{¶12}** Matthews claims in her first assignment of error that the trial court once again failed to make the statutorily mandated consecutive sentence findings.

**{¶13}** H.B. 86 revived a presumption of concurrent sentences; therefore, consecutive sentences can be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4).   *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22.

**{¶14}** R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶15} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, "and by doing so it affords notice to the offender and to defense counsel." *Bonnell* at ¶ 29. "Findings," for these purposes, means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). A trial court is not, however, required to recite the statute word-for-word or state its reasons to support its findings. *Id.* at ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶16} We note, initially, that when a case is remanded, a lower court must "'carry the mandate of the upper court into execution and not consider the questions which the mandate laid at rest.'" *State v. Falkenstein*, 8th Dist. Cuyahoga No. 99670, 2013-Ohio-5315, ¶ 12, quoting *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 16; *see Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 168, 59 S.Ct.

777, 83 L.Ed. 1184 (1939). The "mandate rule" vests the lower court on remand with jurisdiction and it gives the lower court on remand the authority to render judgment consistent with the appellate court's judgment. *Carlisle*, citing *Sprague*. The lower court may not disregard the explicit directives of the appellate court. *State v. Larkins*, 8th Dist. Cuyahoga No. 85877, 2006-Ohio-90, ¶ 31. Thus, where this court does not mandate a resentencing hearing, the trial court has no power to conduct one. *State v. Howard*, 8th Dist. Cuyahoga No. 87490, 2006-Ohio-6412.

{¶17} Here, in *Matthews II*, this court determined that the trial court made two of the three statutorily mandated consecutive sentence findings. However, we specifically found that the trial court failed to make the finding that consecutive service is necessary to protect the public from future crime or to punish the offender. We therefore remanded for the trial court to determine "if the statutory findings it failed to make would be warranted under the circumstances of the case and, if so, to make the findings prior to imposing consecutive sentences on Counts 2 and 4." *Matthews II*, 8th Dist. Cuyahoga No. 100476, 2014-Ohio-3137, at ¶ 16.

{¶18} This court has held that the proper remedy for correcting an error during the imposition of consecutive sentences is not a de novo hearing; rather, it is a limited remand for the purpose of determining whether consecutive sentences should be imposed and to make those findings, if warranted. *State v. Frost*, 8th Dist. Cuyahoga No. 100498, 2014-Ohio-2645, ¶ 10. And in the event that the reviewing court made a determination regarding two of the three findings, the trial court is bound by the prior court's

determination as to the two findings. "The trial court could not revisit the findings it had already made because they are now the law of the case," and therefore, "the scope of the remand is limited to the finding(s) lacking in the original sentencing." *Id.*

{¶19} Here, the court entertained arguments from the state and the defense and, although not required to, statements from two of the victims. It then explained its bases for determining that consecutive sentences were necessary when it stated that it had considered "the nature of the conduct, the nature of the injuries sustained" by the victims, and Matthews's "fleeing the scene, and then fleeing after being stopped and running into the neighborhood." The court stated that Matthews's sentence is "about punishment for what occurred * * *. [I]t has to [do] with the matter of punishment." Thereafter, the state reiterated all of the statutorily mandated findings in an effort to clarify the court's findings, and the court acknowledged that although it may not have stated the findings as eloquently as the prosecutor did, it "intended to do so."

{¶20} In light of the above, we find that the trial court did what it was required upon remand to do: it determined that a consecutive sentence was warranted under the circumstances of the case, and it made the finding that a consecutive sentence was necessary in order to punish Matthews. Although the court did not recite the statutory finding word-for-word, the record demonstrates that the court engaged in the correct analysis and identified the bases for its decision.

{¶21} Matthews's first assignment of error is overruled.

Restitution

**{¶22}** Matthews's second assignment of error pertains to the order of restitution. Matthews claims that the trial court erred in ordering restitution without making a determination regarding her ability to pay.

**{¶23}** For the reasons stated above, Matthews's argument is without merit. The record shows that the trial court ordered restitution at the original sentencing hearing and the court only reiterated its restitution orders at the October 2014 resentencing hearing. This court's remand in *Matthew II* was limited to consecutive sentence findings. Therefore, the trial court had no authority to revisit its restitution orders at the October 2014 sentencing hearing.

**{¶24}** Matthews's second assignment of error is overruled.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
MARY J. BOYLE, J., CONCUR