[Cite as *State v. Masters*, 2017-Ohio-7482.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105241

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# TODD MASTERS, II

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590723-A

**BEFORE:**  Laster Mays, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**  September 7, 2017

-i-

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Khalilah A. Lawson
Assistant County Prosecutor
Justice Center, 9th Floor
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Todd Masters, II ("Masters"), appeals the trial court's decision to impose court costs, and asks this court to vacate the trial court's decision and waive court costs.    We affirm.

{¶2} Before this instant appeal, Masters previously appealed, in *State v. Masters*, 8th Dist. Cuyahoga No. 103022, 2016-Ohio-7391 ("*Masters  I*"), his prison sentence. Masters pleaded guilty to felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1) with a one-year firearm specification; and possessing a firearm in a liquor permit premises, a fifth-degree felony, in violation of R.C. 2923.121(A).    The trial court imposed a four-year prison sentence, which included three years for the felonious assault charge to be served after the mandatory one-year firearm specification.

> At sentencing, the court imposed a three-year sentence on the felonious assault charge, which was to be served after the mandatory one-year for the firearm specification.  For the possession of a firearm in a liquor permit premises, the court ordered that Masters be placed on community control sanctions for three years, with the first six-months to be served in a community-based correctional facility ("CBCF").  The court ordered that Masters's prison term and community control term be served consecutively.

*Id.* at ¶ 3.

{¶3} Masters appealed the trial court's decision, and this court ruled in *Masters I* that

> [T]he court's decision ordering Masters to serve a three-year term of community control sanctions, including the first six months at a CBCF for the firearm possession charge, consecutive to the three-year prison sentence on the felonious assault charge was contrary to law. Recently, this court

reviewed this precise situation en banc — whether a term of community control sanctions on one offense can be imposed and ordered to be served consecutively to a prison term on separate offenses.

*Id*. at ¶ 10, citing *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.).

**{¶4}** In *Masters I*, this court remanded Masters's case to the trial court for resentencing. At resentencing, the trial court stated,

> COURT: With regard to Count 2, and for the reasons stated in the original record, I'm going to impose the same sentence; a one-year firearm specification to be served prior to and consecutive with the underlying crime of felonious assault. And a felonious assault, the time range in prison, there's [a] presumption of prison of two years to eight years. I'm going to again impose the three years that I imposed at the first sentence for a total of four years.
>
> There is a [p]ostrelease [c]ontrol obligation that's mandatory, three-year time period. Upon release from prison, Mr. Masters, you must serve that three years mandatory [p]ostrelease [c]ontrol, and I'll speak to that in a minute.
>
> As to Count 4, the possessing firearm in a liquor permit premises, felony of the fifth degree, I'm going to sentence him to 12 months in prison and to run that concurrent with the Count 2. That also has three years [p]ostrelease [c]ontrol, but that is discretionary given the nature of the crime.
>
> Upon your release from prison, Mr. Masters, you must serve [p]ostrelease [c]ontrol for a mandatory period of time of three years. You will be under the supervision of the Adult Parole Authority of Ohio. If you abide by all the terms and conditions of [p]ostrelease [c]ontrol, you'll have no difficulty with the Adult Parole Authority or this court as I will have jurisdiction over you regarding any conduct that may arise that's a violation of [p]ostrelease [c]ontrol.
>
> However, if you do violate, the following three things can happen. You can return to prison for half the time you served. If you draw a new case while you're on [p]ostrelease

[c]ontrol and are found guilty of that new case, you'll have to serve whatever punishment that new case brings, and, because it occurred on [p]ostrelease [c]ontrol, that's a violation for which you can be returned to prison for the greater of one year or what remains of the three-year period, and you must serve that consecutive with the sentence in the new case. And, finally, if you don't report on [p]ostrelease [c]ontrol, not only is that a violation but you can also be charged with a separate crime called escape.

(Tr. 11-13.)

{¶5} The court then explained that Masters would have to pay court costs. The court stated,

COURT: Okay. Now, I am going to have you pay costs and expenses of the case. And I will also make provisions in the order that you can do community work service in prison to pay off the costs and expenses of the case, and there is a procedure in place to have that credited back to the Clerk of Courts here and I will not have any commissary deduction for costs and expenses and give you an opportunity to pay those costs and expenses by doing work service. I happen to know that Marion does have a community work service program because I've been to Marion, so you'll have the opportunity to perform community work service and pay off your costs and expenses without having deduction from your commissary. If you do not do that, then you'll be obligated to pay off costs and expenses while you're on [p]ostrelease [c]ontrol. I think that's all I need to do for purposes of resentencing.

(Tr. 14.)

{¶6} Masters's attorney objected to the trial judge imposing court costs and asked the trial court to waive the costs because Masters was indigent. The trial court responded,

COURT: I'll deny the motion and have him pay the court costs by performing community work service that I've outlined.

There's no Certificate of Indigency filed presently. But in any event, even if there were, community work service is a viable alternative in this situation, and he will not suffer any deductions from his commissary account to pay costs. So I don't see any difficulty in him performing that service in prison. I certainly think he has enough time left to do so, so I'll deny the motion.

(Tr. 15.)

**{¶7}** Masters's attorney again objected and informed the trial court that he would file an appeal opposing court costs. Masters assigns two assignments of error for our review:

I.      The trial court erred by ordering appellant to pay costs when it did not properly comply with the statute; and

II.     The court costs imposed at the sentencing hearing infringes upon appellant's rights under the Eighth and Fourteenth Amendments to the United States Constitution, R.C. 2929.18, R.C. 2919(b)(5) [sic], R.C. 2947.14, and related sections of the Ohio Constitution.

## I.      Court Costs

### A.      Standard of Review

**{¶8}** We review felony sentencing appeals based on the dictates of

R.C. 2953.08(G), which provides in part, The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

  (a) That the record does not support the sentencing court's findings under

division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

*State v. Wells*, 8th Dist. Cuyahoga No. 100365, 2014-Ohio-3032, ¶ 5.

**B.      Law and Analysis**

**{¶9}** In Masters's first assignment of error, he argues that the trial court erred by ordering him to pay costs when it did not properly comply with R.C. 2947.23(A)(1). R.C. 2947.23(A)(1) states,

(a)   In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.   If the judge or magistrate imposes a community control sanction or other nonresidential sanction, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:

(i)   If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(ii)   If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

**{¶10}** Masters argues that because the trial court did not impose a community control sanction or other nonresidential sanction, the trial court should not have imposed court costs.   Masters relies on the court's decision in   *State v. Huber*, 8th Dist.

Cuyahoga No. 98206, 2012-Ohio-6139, to argue that the costs should be waived. However, his reliance on *Huber* is incorrect. The facts in *Huber* are not synonymous with the facts in Masters's case. Also,

> [s]ince the defendant in Huber was sentenced, R.C. 2947.23 has undergone three revisions. The statute was first revised by 2012 Am.Sub.S.B. 337 (S.B. 337), effective September 28, 2012, then later revised by 2012 Am.Sub.H.B. 247 (H.B. 247), effective March 22, 2013, and lastly revised by 2014 Am.Sub.S.B. 143 (S.B. 143), effective September 19, 2014. This statute no longer requires such notification when a trial court imposes a prison term. *State v. Brown*, 12th Dist. Butler No. CA2013-03-043, 2014-Ohio-1317, fn. 3, quoting R.C. 2947.23(A)(1)(a) ("The current statute * * * provides that notification of possible court-ordered community service need only be given '[i]f the judge or magistrate imposes a community control sanction or other nonresidential sanction.'").

*State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, ¶ 13.

{¶11} Masters's argument is not based on legal reasoning. He contends that costs should only be imposed if the trial court imposes something other than a residential sanction. However, the discretion to waive court costs includes the discretion not to waive them, and rests soundly with the trial court. *Id*. at ¶ 19. Therefore, Masters's first assignment of the error is overruled.

{¶12} In Masters's second assignment of error, he contends that the court costs imposed at the sentencing hearing infringes upon his rights because the trial court found him to be indigent. The trial court noted that Masters did not file a Certificate of Indigency, but declared him indigent in the journal entry. The trial court also noted that Masters could perform community service to pay the court costs. Similarly, in *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 36,

[T]he trial court informed appellant at the conclusion of the sentencing hearing that he would be responsible for court costs and that he may be required to do community service as a means of payment. On this determination, appellant stated that he was indigent and wished to have his fines and court costs waived. In response, the trial court found appellant to be indigent and informed him that it would not be imposing a fine. However, the court did not grant appellant's request to waive court costs. These determinations were reflected in the sentencing journal entry dated October 1, 2012. Accordingly, although the trial court found appellant to be indigent, it acted within its discretion under R.C. 2947.23(A)(1) in imposing court costs regardless of appellant's financial status.

**{¶13}** Also in *Brock*,

[a]t the conclusion of the sentencing hearing, defense counsel asked the trial court to waive court costs because Brock was indigent. The trial court nonetheless imposed court costs but told Brock that he would have the opportunity to pay the court costs by doing community service work in prison. We find no grounds to reverse the trial court's decision imposing court costs. The trial court properly exercised its discretion and ordered Brock to pay court costs.

*Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, at ¶ 19.

**{¶14}** Although the trial court stated that Masters did not file a Certificate of Indigency, the trial court did note that Masters was indigent in the journal entry. However, "[a] finding of indigency for purposes of appointment of counsel is not sufficient to warrant a waiver of costs and fines at sentencing. *State v. Simpson*, 8th Dist. Cuyahoga No. 101088, 2014-Ohio-4580, ¶ 20." *State v. Wilson*, 8th Dist. Cuyahoga No. 104333, 2017-Ohio-2980, ¶ 90. Therefore, Masters's second assignment of error is overruled.

**{¶15}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY