[Cite as *State v. Brown*, 2018-Ohio-4707.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106771**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RICHARD G. BROWN**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-618582-B

**BEFORE:** Jones, J., E.A. Gallagher, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 21, 2018

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Kevin E. Bringman
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Richard Brown ("Brown") appeals the trial court's judgment sentencing him to consecutive terms and imposing costs. For the reasons set forth below, we reverse the consecutive sentences and remand for the limited purpose of the trial court determining if consecutive sentences should be imposed and, if so, making the required findings.

{¶2} Brown pleaded guilty in the two cases implicated in this appeal: Cuyahoga C.P. No. CR-17-618582 ("the first case") and Cuyahoga C.P. No. CR-17-618890 ("the second case"). In the first case, Brown pleaded guilty to one count of attempted felonious assault with a one-year firearm specification, one count of discharge of a firearm on or near a prohibited premises, and one count of tampering with evidence. In the second case, Brown pleaded guilty to one count of improperly handling a firearm in a motor vehicle.

{¶3} The trial court sentenced Brown to 12 months on the attempted felonious assault

charge consecutive to the one-year firearm specification in the first case; the sentences for the remaining two convictions in the first case were ordered to be served concurrently. In the second case, the trial court sentenced Brown to six months for the single conviction and ordered that it be served consecutive to the sentence in the first case. The trial court also ordered Brown to pay court costs. Brown now appeals and raises the following two assignments of error for our review:

I. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and [H.B.] 86.

II. The court costs imposed at the sentencing hearing infringes upon appellant's rights under the Eighth and Fourteenth Amendments to the United States Constitution, R.C. 2929.18, R.C. 2919(b)(5), R.C. 2947.14, and related sections of the Ohio Constitution.

{¶4} We first consider the imposition of consecutive sentences. A trial court must make specified findings pursuant to R.C. 2929.14(C)(4) before it imposes consecutive sentences. *State v. Magwood*, 8th Dist. Cuyahoga No. 105885, 2018-Ohio-1634, ¶ 62. Specifically, the court must find: consecutive terms are required to protect the public from future crime or to punish the offender, (2) consecutive terms are not disproportionate to the seriousness of the conduct and danger posed to the public, and (3) either the offender committed at least one offense while awaiting trial or sentencing, that multiple offenses were part of a course of conduct and the harm caused was so great or unusual that a single term does not adequately reflect the seriousness of the offender's conduct, or that the offender's criminal history is such that consecutive terms are necessary to protect the public. R.C. 2929.14(C)(4); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 22, 26. The trial court must also incorporate the findings into the sentencing judgment entry. *Bonnell* at ¶ 29.

{¶5} The state concedes the error, and we agree. Brown was sentenced along with his

codefendant, Dekari Heard, who also received consecutive sentences. Although the court made consecutive-sentence findings relative to Heard, it failed to do so for Brown.[1]

{¶6} Citing *State v. Brooks*, 8th Dist. Cuyahoga No. 100455, 2015-Ohio-3906, and *State v. Davis*, 8th Dist. Cuyahoga No. 101338, 2015-Ohio-178, Brown contends that the appropriate remedy for this court is to modify his sentence to concurrent terms.

{¶7} In both *Brooks* and *Davis*, the trial court failed to make all of the necessary findings for the imposition of consecutive sentences. This court reversed the sentence and remanded the case to the trial court for resentencing (*Brooks* at ¶ 15) and vacated the sentence and remanded for resentencing (*Davis* at ¶ 23). However, one judge on the panel concurred (*Brooks*) and concurred in part and dissented in part (*Davis*).

{¶8} In *Brooks*, the concurring judge questioned

whether the Supreme Court's decision in *Bonnell* suggests or permits [an] unexplored (or relatively unexplored) avenue[ ] in which reviewing courts can proceed when considering the imposition of consecutive sentences. * * * [Specifically], if the reviewing court determines that the trial court did not make all or some of the required findings, instead of vacating the sentence and remanding for resentencing, as we do in this case and as the Supreme Court ordered in *Bonnell*, can the reviewing court instead

"reduce, or otherwise modify [the] sentence * * * [as an] action

authorized by [the statute] if [the reviewing court] clearly and

convincingly finds * * * [t]hat the record does not support the

sentencing court's findings under division * * * (C)(4) of section

2929.14 * * * [or] * * * [t]hat the sentence is otherwise contrary to

law"

---

[1] Heard has also appealed. *State v. Heard*, 8th Dist. Cuyahoga No. 106791. He challenges his sentence as being "contrary to law," but not on the ground that the trial court failed to make the necessary findings for the imposition of consecutive sentences.

pursuant to R.C. 2953.08(G)(2), and order that the sentences be served concurrently? R.C. 2953.08(G)(2). The opinion in *Bonnell* implies that the answer is "yes" * * *.

*Id.* at ¶ 16 (Stewart, J., concurring).

{¶9} In *Davis*, the judge, concurring in part and dissenting in part, wrote that "in keeping with my concurring opinion in *State v. Brooks*, 8th Dist. Cuyahoga No. 100455, 2014-Ohio-3906, I would vacate Davis's sentences and order that he serve them concurrently. Therefore [I] dissent from the majority's mandate on remand." *Id.* at ¶ 24 (Stewart, J., concurring).

{¶10} The state, however, urges us that the "proper remedy in this situation is to remand to the trial court for the sole issue regarding the required findings pursuant to R.C. 2929.14(C)(4) to justify consecutive sentences," and cites *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 20-22. We agree with the state and note this court's general standing policy of remanding cases for the limited purpose of determining whether consecutive sentences should be imposed and, if so, making the required findings. *See, e.g., State v. Lasalla*, 8th Dist. Cuyahoga No. 101316, 2015-Ohio-106, ¶ 21; *State v. Matthews*, 8th Dist. Cuyahoga No. 102217, 2015-Ohio-4072, ¶ 18; *State v. Frost*, 8th Dist. Cuyahoga No. 100498, 2014-Ohio-2645, ¶ 10.

{¶11} We do not reach this result solely based on a "that is always the way it is done" notion, however, recognizing that "the way it is always done" could be wrong. And we recognize that under R.C. 2953.08(G) we have the authority to modify a sentence, as this court has occasionally done, but we decline to broadly take the trial court's sentencing authority away because it made a mistake.

{¶12} The first assignment of error is sustained and the case is remanded for limited resentencing.

{¶13} In his second assigned error, Brown contends that the trial court erred in imposing costs on him because he was indigent. He states that he is aware of this court and the Ohio Supreme Court's precedence on this issue, but raised it to preserve his future rights and/or remedies.

{¶14} R.C. 2947.23(A)(1) governs the imposition of court costs in criminal proceedings, and provides in relevant part that, "[i]n all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." In light of R.C. 2947.23(A)(1), this court has held that a sentencing court "must include in the sentence the costs of prosecution and render a judgment against the defendant for costs, even if the defendant is indigent." *State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, ¶ 17, citing *State v. Brown*, 8th Dist. Cuyahoga No. 103247, 2016-Ohio-1546, ¶ 12. It is within the trial court's discretion to waive costs for an indigent defendant; the discretion also includes the discretion not to waive them. *Id.* at ¶ 18.

{¶15} Brown's contention about waiving court costs appears to be based on this court's finding that he was indigent for the purpose of appointing counsel. But this court has recognized that a "finding of indigence for purposes of appointment of counsel is insufficient to warrant a waiver of costs and fines at sentencing." *State v. Master*, 8th Dist. Cuyahoga No. 105241, 2017-Ohio-7482, ¶ 14, citing *State v. Wilson*, 8th Dist. Cuyahoga No. 104333, 2017-Ohio-2980, ¶ 90.

{¶16} In light of the above, the second assignment of error is overruled.

{¶17} In accordance with our disposition of the first assignment of error, the case is remanded to the trial court for the limited purpose of determining whether consecutive sentences should be imposed and, if so, making the required findings.

It is ordered that appellant and appellant split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR