[Cite as *State v. Percy*, 2024-Ohio-664.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 112861 |
| v. | : | |
| SURFIN PERCY, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 22, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-630140-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee*.

Allison S. Breneman, *for appellant*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Surfin Percy ("appellant") brings this appeal challenging the imposition of consecutive sentences by the Cuyahoga County Court of Common Pleas. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

# I. Factual and Procedural History

{¶ 2} This court previously reviewed appellant's direct appeal from his convictions and sentence arising from his sexual abuse of his daughter. *State v. Percy*, 8th Dist. Cuyahoga No. 109502, 2021-Ohio-1876 ("*Percy I*"). The opinion set forth the procedural history of the case as follows:

> Percy pleaded guilty to two counts of rape, one count of gross sexual imposition, and one count of child endangering. The charges were filed after B.P., a minor child, revealed that Percy had raped and assaulted her on multiple occasions.
>
> At sentencing, the state asked the court to order consecutive sentences on the two rape convictions, to be served concurrently with the sentences on the gross sexual imposition and child endangering counts. (Tr. 25.) Defense counsel asked for the two rape convictions to be served concurrently with each other and with the sentences imposed on the other convictions, but acknowledged that Percy's sentence was ultimately within the court's discretion. (Tr. 25.)
>
> The court sentenced Percy to 60 months on the gross sexual imposition conviction, eight years on the child endangering conviction, and 11 years on each of the rape convictions. The court ordered the 11-year prison terms on the two rape convictions to be served consecutively to each other but concurrently with the child endangering and gross sexual imposition convictions, for an aggregate 22-year prison sentence. * * *

*Id.* at ¶ 3-5.

{¶ 3} In *Percy I,* appellant argued, inter alia, that the trial court erred in imposing consecutive sentences in this matter. Upon review of the sentencing transcript, we determined that the trial court had not made one of the findings under R.C. 2929.14(C)(4) to support the imposition of consecutive sentences:

> The trial court found that consecutive sentences were necessary to protect the public and to punish Percy. The court also found that

consecutive sentences were not disproportionate to the seriousness of Percy's conduct and to the danger he poses to the public. However, the trial court failed to make the third finding.

The third finding may be one of three alternatives. Because Percy had no prior criminal history and was not under supervision when the alleged crimes occurred, the only possible alternative was a finding under R.C. 2929.14(C)(4)(b). As previously stated, that section provides:

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

R.C. 2929.14(C)(4)(b). "The statute requires the trial court to find both that (1) the offenses were committed as one or more courses of conduct, and (2) the harm caused was so great or unusual that a single prison term is not an adequate reflection on the seriousness of the conduct." *State v. McKinney*, 8th Dist. Cuyahoga No. 106377, 2019-Ohio-1118, ¶ 60.

Although the court found that the "danger that was imposed" on the victim "was so great that it warranted consecutive sentences[,]" the court failed to also find that the offenses were committed as one or more courses of conduct as required by R.C. 2929.14(C)(4)(b). Therefore, the trial court failed to make the third finding required for the imposition of consecutive sentences.

*Id.* at ¶ 12-14.

{¶ 4} We remanded the matter to the trial court for "the limited purpose of addressing the consecutive-sentence requirements set forth in R.C. 2929.14(C)(4)." *Id.* at ¶ 28.

{¶ 5} On remand, the trial court held a limited resentencing hearing and stated as follows:

Each rape will be sentenced consecutively. And the Court makes the following findings with reference to this sentence: The Court finds that consecutive sentences are necessary to protect the public from future crimes; the Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct; the Court finds that consecutive sentences are necessary to protect — to punish the offender; and the Court finds that consecutive sentences are not disproportionate to the danger the offender poses to the public and to his family.

The Court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more multiple offenses so committed were so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

In arriving at the necessity to impose consecutive sentences[,] the Court further finds that the danger that was imposed to this young person was so great that it warranted consecutive sentences.

{¶ 6} Appellant then filed the instant appeal, raising one assignment of error for our review:

The trial court erred by imposing consecutive sentences.

## II. Law and Analysis

{¶ 7} In his sole assignment of error, appellant argues that the trial court erred by failing to support the statutory findings made at the resentencing hearing, in particular the finding that the multiple offenses were committed as part of one or more courses of conduct.

{¶ 8} The state notes that facts were placed on the record at the original sentencing hearing, including statements by the prosecutor, the victim, and her mother, that fully support the imposition of consecutive sentences.

{¶ 9} This court has held that the proper remedy for correcting an error during the imposition of consecutive sentences is not a de novo hearing; rather, it is a limited remand for the purpose of determining whether consecutive sentences should be imposed and to make those findings, if warranted. *State v. Matthews*, 8th Dist. Cuyahoga No. 102217, 2015-Ohio-4072, ¶ 18, citing *State v. Frost*, 8th Dist. Cuyahoga No. 100498, 2014-Ohio-2645, ¶ 10.

{¶ 10} As discussed in *Percy I*, consecutive sentences may be imposed if the trial court makes the findings under R.C. 2929.14(C)(4). A trial court is not required to recite the statutory language verbatim, nor is it required to state its reasons to support its findings "'"provided that the necessary findings can be found in the record and are incorporated in the sentencing entry."'" *State v. Saxon*, 8th Dist. Cuyahoga No. 111493, 2023-Ohio-306, at ¶ 17, quoting *State v. Sheline*, 8th Dist. Cuyahoga No. 106649, 2019-Ohio-528, ¶ 176, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. If the findings are made, our review of consecutive sentences is limited to whether the record clearly and convincingly does not support the findings. R.C. 2953.08(G)(2)(a).

{¶ 11} It is clear from the record that on remand at the limited resentencing hearing, the trial court made all of the required statutory findings, and appellant does not argue otherwise. As noted above, the court was not required to state any further reasoning or support its findings. Consequently, our only consideration is whether the record clearly and convincingly supports the findings. Appellant makes

no argument on this point, and our independent review of the record does not lead us to the conclusion that the record does not support the findings.

### III. Conclusion

{¶ 12} The trial court made the required statutory findings for the imposition of consecutive sentences.  Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR