[Cite as *State v. Tolbert*, 2023-Ohio-532.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                    :

                          No. 111716

    v.                                         :

ROMAINE TOLBERT,                               :

    Defendant-Appellant.                   :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 23, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636261-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anna Faraglia, Assistant Prosecuting
Attorney, *for appellee*.

The Law Office of Jay M. Schlachet and Eric M. Levy, *for
appellant*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Romaine Tolbert ("appellant") appeals his sentence from the
Cuyahoga County Court of Common Pleas. After a thorough review of the applicable
law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This case is before us following a remand for resentencing after we reversed appellant's sentence in his direct appeal in *State v. Tolbert*, 8th Dist. Cuyahoga No. 110249, 2022-Ohio-197 ("*Tolbert I*"). Specifically, this court determined that the trial court did not comply with R.C. 2929.14(C)(4) in imposing consecutive sentences when it "neither expressly found the factors, nor did the trial court find these factors using different language." *Id.* at ¶ 51.

{¶ 3} Appellant was convicted in 2020 of involuntary manslaughter, endangering children, gross abuse of a corpse, tampering with evidence, and kidnapping arising from the death of appellant's wife's friend's four-year-old son, who resided with appellant and his wife, and the subsequent disposal of the child's body.[1]

{¶ 4} The court sentenced appellant to 11 years on Count 7 (involuntary manslaughter), 1 year on Count 9 (gross abuse of a corpse), and 3 years on Count 11 (kidnapping), to be served consecutively for an aggregate 15-year sentence. The sentences of three years on Count 8 (endangering children) and three years on Count 10 (tampering with evidence) were ordered to run concurrently to the sentence imposed for Count 7.

{¶ 5} Appellant appealed his conviction and sentence arguing that there was insufficient evidence to support his convictions and that the trial court erred by

---

[1] For a full recitation of the substantive facts, *see State v. Tolbert*, 8th Dist. Cuyahoga No. 110249, 2022-Ohio-197, ¶ 1-28.

imposing consecutive sentences without making the requisite findings under R.C. 2929.14. This court overruled appellant's sufficiency of the evidence argument and sustained appellant's argument regarding consecutive sentences. We determined that the trial court did not properly find the factors to justify consecutive sentences and remanded for resentencing.

{¶ 6} On remand, the trial court held a new sentencing hearing. The court noted that it was "limited to the issue of consecutive sentencing." The court went on to sentence appellant as follows:

> So the Court has reviewed the Eighth District Court of Appeals opinion, and in doing so the Court would issue the following sentence: First of all, the Court is going to sentence Defendant Tolbert to 11 years on Count Number Seven, three years on Count Number Eight, one year on Count Number Nine, three years on Count Number 10, and three years on Count Number 11. The Court orders that Counts Seven, Nine, and 11 are to be served consecutively, for a total sentence of 15 years. That sentence will be the sentence of the Court.
>
> The Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender. The Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.
>
> The Court further finds pursuant to R.C. 2929.14(C)(4), the following: I find that at least two of the multiple offenses were committed as part of one or more courses of conduct and that the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. And two, that the offender's history of criminal conduct demonstrate that consecutive sentences are necessary to protect the public from future crime by the offender.
>
> The Court makes a finding that Tolbert breached his duty of care to the deceased when he threw the deceased away like a piece of trash at a construction site and that he concocted multiple lies that happened to

the victim, and fled the jurisdiction. Consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Consecutive sentences are not disproportionate. The seriousness of Tolbert's conduct is evident to the fact that the victim is dead. Tolbert's criminal history, as will be discussed later, and his actions in this case show that he's a danger to the public. Considering the seriousness of his actions and the likelihood that he will reoffend, consecutive sentences are not disproportionate here.

At least two of the multiple offenses were committed as a part of one or more courses of conduct, and that the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of the offender's conduct.

The defendant was found guilty of multiple counts in this case. His actions and neglect spanned a significant period of time and ultimately resulted in the tragic death of the victim. There is no single prison term that would adequately reflect the seriousness of what Tolbert did. Further, the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Tolbert has a prior criminal history that includes robbery, burglary, forgery, attempted obstruction of official business, receiving stolen property, misrepresenting identity, and drug abuse.

Consecutive sentences are necessary to protect the public from future crime and to punish Tolbert. Consecutive sentences are not disproportionate to the seriousness of Tolbert's conduct and to the danger the offender poses to the public. This Court should and will protect innocent children again by imposing consecutive sentences. Anything less would demean the seriousness of the offender's conduct and its impact on the victim.

{¶ 7} Appellant then filed the instant appeal, raising four assignments of

error for our review:

I. The trial court erred when it failed to conduct a complete resentencing hearing and when it failed to issue credit for time served and failed to order post release control and the imposition of court costs which were imposed in the sentencing entry.

II. The trial court erred when it imposed consecutive sentences which are not supported by the record and are contrary to law.

III. The trial court erred when it imposed consecutive sentences as an impermissible sentencing package.

IV. The trial court erred by imposing sentences for felonies of the fifth and third-degree stated in terms of years and not months which is contrary to law under R.C. 2929.14(A) which only authorizes that sentence be imposed in specific monthly intervals.

## II. Law and Analysis

{¶ 8} Appellant's first assignment of error argues that the trial court erred by not holding a full resentencing hearing and not stating that appellant had credit for time served or ordering postrelease control or imposing court costs that were imposed in the sentencing journal entry.

{¶ 9} In *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892 (8th Dist.), this court, sitting en banc, held that when a trial court fails to make the requisite statutory findings to support the imposition of consecutive sentences, "the trial court is limited on remand to only the question raised regarding the required findings pursuant to R.C. 2929.14(C)(4) to justify consecutive sentences." *Id.* at ¶ 22.

{¶ 10} Although this court did not explicitly instruct the trial court to limit its resentencing to the issue of consecutive sentences, the proper remedy when a trial court imposes consecutive sentences without making the requisite statutory findings is to vacate the sentence and remand the matter to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and to make the necessary findings. *State v. Vargas*, 8th Dist. Cuyahoga No. 101796, 2015-Ohio-2856, ¶ 15, citing *Nia* at ¶ 28.

{¶ 11} In the instant matter, the court properly complied with the remand by considering whether consecutive sentences were appropriate and making the requisite findings. The court was not required, nor would it be permitted, to address any other aspect of appellant's sentence. Thus, the remainder of appellant's sentence was unchanged, and the trial court did not err in declining to address any aspect of appellant's sentence beyond the issue of consecutive sentences. Appellant's first assignment of error is overruled.

{¶ 12} Appellant's second assignment of error argues that the trial court erred in imposing consecutive sentences.

{¶ 13} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶ 14} As the Supreme Court of Ohio has explained, when reviewing consecutive sentences, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under'" R.C. 2929.14(C)(4). *Bonnell*, 140

Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 28, quoting R.C. 2953.08(G)(2)(a).

{¶ 15} Appellant argues that while the trial court "set forth the statutory buzz words on the record and in its [j]ournal [e]ntry[,]" the record demonstrates that the court never actually considered the factors and the findings made by the court do not support the factors.

{¶ 16} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender; (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public; and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory

criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). The reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 18} Upon review, we find that the trial court complied with R.C. 2929.14(C)(4) and engaged in the proper analysis for consecutive sentences. In *Tolbert I,* we determined that the trial court had not "expressly refer[red] at any time to whether the consecutive sentence was 'not disproportionate' to either the offense of the [a]ppellant or to the likelihood of the [a]ppellant of reoffending." *Id.* at ¶ 49. On remand, the trial court addressed the seriousness of appellant's conduct along with his criminal history, expressly finding that consecutive sentences were not disproportionate.

{¶ 19} We find that the trial court specifically addressed each factor and made the proper findings and that appellant has failed to demonstrate otherwise. We further find that the record clearly and convincingly supports the court's findings. Accordingly, appellant's second assignment of error is overruled.

{¶ 20} In his third assignment of error, he argues that the trial court erred in imposing consecutive sentences as an impermissible sentencing package. Appellant contends that the trial court "grouped counts to form a bundled single sentence against [a]ppellant aimed at meeting an impermissible purpose: protecting innocent children."

{¶ 21} A sentencing judge has discretion to impose any individual sentence that complies with applicable sentencing statutes. *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 41. If a sentence falls within the statutory range for that offense, there is a presumption of validity if the court considered the applicable sentencing factors. *Id.*, citing *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 15, citing *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15. However,

> [A] judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. *See* R.C. 2929.11 through 2929.19. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively. *See State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus, ¶ 100, 102, 105; R.C. 2929.12(A); *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses.

*State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9.

{¶ 22} In the present case, the trial court imposed valid individual sentences that it felt were appropriate and determined to run some of those sentences

consecutive to each other to arrive at a 15-year aggregate sentence. Trial courts are authorized to impose any individual sentence within the statutory range and are granted latitude to order those sentences to be served consecutive to each other where the situation warrants.

{¶ 23} The trial court's statements at the sentencing hearing indicate that the court imposed individual sentences on each count and considered an overall sentence that was appropriate when factoring in proper considerations under R.C. 2929.11, 2929.12, and 2929.14(C)(4). This does not implicate the sentencing-package doctrine.

{¶ 24} While appellant argues that the court did so with an improper purpose, appellant mischaracterizes the trial court's statements. The trial court stated that it was imposing consecutive sentences, in part, to protect innocent children. We find that the trial court's statement regarding innocent children related to its finding that consecutive sentences were necessary to protect the public. The record does not reflect that the trial court sentenced appellant with an improper purpose, and appellant's third assignment of error is overruled.

{¶ 25} Appellant's fourth assignment of error argues that the sentences for Counts 8, 9, and 10 must be vacated because they were stated in years rather than months. We note that the sentences for these counts were the same in appellant's original sentence and any lack of conformity with the statute was not raised in appellant's direct appeal. Appellant's argument is therefore barred by res judicata, and his fourth assignment of error is overruled.

## III. Conclusion

{¶ 26} All of appellant's assignments of error are overruled. The trial court properly conducted resentencing within the narrow context of determining whether to impose consecutive sentences and making findings related thereto. Further, the trial court did not impose sentences under a sentencing package. Finally, any arguments regarding the sentences related to Counts 8, 9, and 10 were not raised in the first appeal and are therefore barred by res judicata.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR