[Cite as *State v. Banks*, 2023-Ohio-4655.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff- Appellee, | : | |
| | : | No. 112735 |
| v. | : | |
| WILLIE BANKS, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** December 21, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-674075-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alan Dowling, Assistant Prosecuting Attorney, *for appellee.*

Allison S. Breneman, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Willie Banks appeals from a judgment of the trial court that imposed consecutive prison terms for his offenses of felonious assault,

abduction, theft, and menacing by stalking.  On appeal, he argues that the trial court erred in imposing consecutive sentences for his offenses.  Our review of the record indicates the trial court failed to make all the findings mandated by R.C. 2929.14(C)(2) before it imposed consecutive sentences.  Accordingly, we vacate the trial court's judgment and remand the matter to the trial court for the limited purposes of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(2) and to make all the required findings.

**Background**

{¶ 2}   Banks was indicted for felonious assault, abduction, theft, cruelty to animals, and menacing by stalking; the first two offenses were accompanied with a one-year firearm specification.  These offenses stemmed from an incident where Banks beat his girlfriend Nicole Grady in her house, stopped her from leaving, stole her credit cards, threatened her, and also terrorized her dog.

{¶ 3} The trial court set the matter for a jury trial but after the voir dire of the jury was completed, Banks pled guilty under a plea agreement in exchange for reduced charges and deletion of the gun specifications.  Under the agreement, he pled guilty to aggravated assault, a fourth-degree felony; attempted abduction, a fourth-degree felony; theft, a fifth-degree felony; attempted cruelty to animals, a first-degree misdemeanor; and menacing by stalking, a fourth-degree felony.

{¶ 4} At sentencing, the trial court permitted Grady and Banks to each offer an account of the incident.  According to Grady, on the night of the incident, the two got into an argument in her bedroom and she asked Banks to leave her house.  The

conflict escalated, and instead of leaving, Banks struck her. At one point, he punched her in her ribs when she was lying down on the bed. Her dog was trying to protect her, and Banks grabbed a stick and tried to hit the dog. Grady's wrist was injured when she tried to protect the dog from the stick.

{¶ 5} Grady stated that Banks hit her so hard that she had difficulty breathing. When she tried to put on her clothes to leave the house, he snatched the clothes from her hand and prevented her from leaving, threatening to "bust [her] motherf***ing face." When she tried to leave in the morning, Banks snatched her purse from her. She managed to get into her vehicle and call 911.

{¶ 6} Banks offered an entirely different account of the events. Grady was moving items from downstairs to upstairs all night long while getting high. She came into the bedroom at 4:00 a.m. and asked him to call his friends for drugs. He refused, and they got into an argument. According to Banks, Grady was abusing drugs and unable to go to work the next day, so she concocted the story of the assault as an excuse for her absence from work. Banks also claimed he hit the dog with a stick because the dog was trying to bite Grady, but the stick hit her hand instead.

{¶ 7} Banks had ten prior domestic violence convictions involving different victims. He explained that he pled guilty to the charges in those cases so he could move on with his life. Banks's counsel emphasized Banks was an asset to the community; he owned a successful body shop and employed five people from the neighborhood. The prosecutor noted that Grady suffered a broken rib and that a SANE nurse who examined Grady noticed that Banks called Grady eight times

during the examination; furthermore, the photos taken as part of the examination showed bruising all over Grady's body, including scratches around her neck.

{¶ 8} The trial court imposed 18 months each on Banks's offenses of aggravated assault, abduction, and menacing by stalking, and 12 months on the theft offense, to be served consecutively. It also imposed 180 days on his offense of attempted cruelty to animals, to be served concurrently to the other counts. On appeal, Banks raises a single assignment of error claiming the trial court erred in imposing consecutive sentences.

**Standard of Review for Consecutive Sentences**

{¶ 9} Pursuant to R.C. 2953.08(G)(2), we may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if we "clearly and convincingly" find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4), or that the sentence is otherwise contrary to law.

{¶ 10} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry," and a failure to do so is contrary to law. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that

the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 11} The consecutive sentences statute, R.C. 2929.14(C)(4), provides that the trial court can impose consecutive sentences if it finds consecutive sentences are "necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public," and that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**Analysis**

{¶ 12} Banks claims that the trial court erred by ordering consecutive sentences in that it failed to sufficiently consider the mitigating factor regarding his contribution to the local community. The claim lacks merit because the only requirement on the trial court for an imposition of consecutive sentences is that the

trial court must make the necessary findings pursuant to R.C. 2929.14(C)(4) and that these findings are supported by the record.

{¶ 13} While we find Banks's argument to lack merit, our review of the record indicates that the trial court failed to make all the findings mandated by R.C. 2929.14(C)(4). The transcript reflects that the trial court made the following findings under R.C. 2929.14(C)(4) for its imposition of consecutive sentences on Banks:

> The Court finds that consecutive sentences are necessary to protect the public from future crimes. The Court finds that consecutive sentences are necessary to punish the offender. The Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct. And the Court finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} The trial court made the finding that consecutive sentences were necessary to protect the public from future crime or to punish the offender. It also made the finding under R.C. 2929.14(C)(4)(c) that Banks's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him. However, the court's proportionality finding is deficient. While a word-for-word recitation of the language of the statute is not necessary, the proportionality finding is stated as a conjunctive phrase and the trial court is required to consider the proportionality of the sentence regarding both the seriousness of the offender's conduct *and* the danger the offender poses to the public. *State v. Spencer*, 8th Dist. Cuyahoga No. 101131, 2014-Ohio-5430, ¶ 8. The trial court is not permitted to impose consecutive sentences where it failed to make

the mandatory finding that "consecutive sentences were not disproportionate to the seriousness of the offender's conduct and were not disproportionate to the danger the offender posed to the public." *State v. Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, citing *State v. Lebron*, 2012-Ohio-4156, 976 N.E.2d 945, ¶ 15 (8th Dist.). The trial court here failed to find that consecutive sentences are not disproportionate to the danger Banks poses to the public. Its journal entry similarly failed to include this finding.[1]

{¶ 15} Because we are unable to discern that the trial court engaged in the correct analysis, we must vacate Banks's sentence and remand the matter to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and to make the necessary findings. *State v. Tolbert*, 2023-Ohio-532, 209 N.E.3d 170, ¶ 10 (8th Dist.), citing *State v. Vargas*, 8th Dist. Cuyahoga No. 101796, 2015-Ohio-2856, ¶ 15, citing *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 28 (8th Dist.). If the trial court finds consecutive sentences

---

[1] The state, citing *State v. Ayers*, 10th Dist. Franklin No. 13AP-371, 2014-Ohio-276, claims that, because Banks did not object to his consecutive sentences at trial, we review the issue for plain error and therefore Banks must show that, but for the error, the outcome would have been different. *Ayers* does not support the state's claim. In that case, the trial court did not make the necessary consecutive findings. The Tenth District explained that, when the trial court failed to make the statutory findings, the sentence is "'contrary to law and constitutes plain error.'" (Quotation omitted.) *Id.* at ¶ 15. The Tenth District specifically rejected the state's contention that because there was no manifest injustice, the trial court's sentencing did not rise to the level of plain error. The Tenth District explained that "a failure to precisely comply with R.C. 2929.14 is plain error because the sentence is contrary to law." *Id.* at ¶ 16. *Ayers* does not require a different analysis or outcome in the instant case. In any event, we are bound to follow the standard of review set forth in *Bonnell* until further guidance from the Supreme Court of Ohio.

appropriate and makes the necessary findings, it is also required to incorporate the findings into the sentencing entry . *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

**{¶ 16}** Sentence vacated, and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
FRANK DANIEL CELEBREZZE, III, P.J., DISSENTS (WITH SEPARATE OPINION ATTACHED)

FRANK DANIEL CELEBREZZE, III, P.J., DISSENTING:

**{¶ 17}** I respectfully dissent from my colleagues in the majority. My dissent is merely a divergence of opinion, not a disagreement on the applicable law. I would find that the record does not clearly and convincingly establish that the trial court failed to consider the mandatory R.C. 2929.14(C)(4) factors pursuant to *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

{¶ 18} The majority contends that they were unable to discern whether the trial court considered the proportionality finding as to the danger the offender poses to the public. Even though the court does not use the exact language of the statute, I would find that the trial court made this finding based on its statements and questioning during the sentencing hearing. To reiterate the relevant law, a trial court is not required to state reasons to support its findings, nor is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at id.

{¶ 19} The trial court questioned the victim, who had been in a relationship with Banks for two years prior to the incident. The victim indicated that she was "tired of looking over [her] shoulder every day" and, when questioned further about this statement, indicated that she was constantly "wondering if he'll pop up somewhere because he always told me that there's nowhere I can hide from him if he want me" and that she is "tired of being fearful[.]" (Tr. 253, 261.) The victim noted that numerous former victims of Banks had reached out to her and that she was "damaged" from his behavior. (Tr. 254.) Throughout their relationship, Banks was constantly threatening her, throwing glasses around the home, and had injured her prior to this incident. Related to this particular incident, she stated that she could not breathe after she was punched in the ribs and Banks prevented her from leaving. Even when the victim was receiving medical treatment for her broken rib, the SANE nurse noted that Banks telephoned her a number of times.

{¶ 20} The trial court questioned Banks regarding his ten prior domestic violence convictions, noting that Banks also had prior felonious assault and assault charges. Banks refused to take accountability for his prior convictions, stating that he took those pleas "so I can get the case over and move on with my life" (Tr. 262.) and brushing off the questions. The trial court was unpersuaded by Banks's explanation, asking Banks's counsel, "How is he an asset to the public when he has 10 prior convictions for domestic violence?" (Tr. 266.)

{¶ 21} In my view, the record, when viewed in its entirety, is sufficient to demonstrate that the trial court employed the proper analysis and considered the proportionality of the sentence as to the danger Banks poses to the public. *See, e.g. State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 23 ("[T]he trial court's statements during the sentencing hearing, when viewed in their entirety, clearly indicate that the trial court considered proportionality[.]"). This is particularly so because the victim's statements indicate that several other women reached out to her to detail similar incidents, and Banks himself conceded that his prior convictions were borne from past relationships. The victim expressed that she would be fearful unless Banks was incarcerated, and we note that Banks's harassment continued even while the victim received treatment.

{¶ 22} Despite my belief that the trial court sufficiently considered the proportionality finding, it is undisputed that the trial court failed to incorporate this finding into its sentencing entry. The trial court did journalize that it "considered all required factors of the law," but this is insufficient pursuant to *Bonnell*. Because

I would find that the trial court engaged in the correct analysis and considered the proportionality of the sentence to the danger Banks poses to the public, I would affirm the consecutive sentences but remand for the issuance of a nunc pro tunc reflecting the correct statutory language in accordance with *Bonnell*. *See, e.g., State v. Scott*, 8th Dist. Cuyahoga No. 111212, 2022-Ohio-3549, ¶ 25-26.