[Cite as *State v. Haynes*, 2024-Ohio-3190.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 113322

    v.                                :

ZAKRY HAYNES,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** August 22, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-678116-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ayoub Dakdouk, Assistant Prosecuting Attorney, *for appellee*.

Mary Catherine Corrigan, *for appellant*.

LISA B. FORBES, P.J.:

{¶ 1} Appellant Zakry Haynes ("Haynes") appeals his sentence, alleging the trial court erred when it sentenced him to consecutive sentences and pursuant to the Reagan Tokes Law. After reviewing the facts of the case and pertinent law, we find

the trial court failed to make the findings mandated by R.C. 2929.14(C)(4) before imposing consecutive sentences. Accordingly, we vacate the trial court's judgment and remand the matter to the trial court for resentencing for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and if so, to issue a journal entry making all the required findings.

## I. Facts and Procedural History

{¶ 2} On September 25, 2023, Haynes pled guilty to the following: Count 2 of the indictment, felonious assault pursuant to R.C. 2903.11(A)(1), a felony of the second degree, with a three-year firearm specification pursuant to R.C. 2941.145; Count 12, improper discharge of a firearm into a habitation, a felony of the second degree, in violation of R.C. 2923.161(A)(1), amended to delete all firearm specifications; and Count 15, having weapons while under disability, felony of the third degree pursuant to R.C. 2923.13(A)(3). The parties agreed that the offenses are nonallied and agreed to a recommended sentence of five to seven years. All other charges and specifications were dismissed by the State. The trial court engaged in a proper Crim.R. 11 colloquy with Haynes and then accepted Haynes's guilty pleas to the above counts.

{¶ 3} On October 25, 2023, Haynes appeared in court for sentencing. At the hearing, the State read into the record a summary of the letters provided by two of the victims in this case, a minor child and his mother, which emphasized that the victims are still traumatized from the incident.

{¶ 4} Haynes's counsel stated on the record that Haynes had two prior criminal cases that he was serving time in prison on, one case from Lorain County (Lorain C.P. No. 22-CR-107142), and the other from Lake County (Lake C.P. No. 22-CR-000386). Haynes's counsel asked for the sentence in the present case to run concurrent with these prior sentences.

{¶ 5} The court stated that it had Haynes's presentence-investigation report ("PSI") authored by the Cuyahoga County Adult Probation Department along with Haynes's sentencing memorandum, both of which it reviewed prior to sentencing. The trial court stated on the record that the PSI report indicated Haynes had a criminal history that consisted of convictions for

> criminal trespass in Elyria; a theft in Lorain County; domestic violence in Lorain County; drug possession in Lorain County in 2018, 2019, 2019, 2020; grant theft of a firearm; weapons under disability and discharging a firearm; breaking and entering in Lorain County; OVI in 2022; driving under OVI suspension in 2022; and receiving stolen property.

The court also noted that the Cuyahoga County Probation Department in its PSI report classified Haynes as a high risk for reoffending.

{¶ 6} The trial court then sentenced Haynes as follows: on Count 2, three-years in prison for the firearm specification to be served consecutively to four years in prison on the underlying offense; on Count 12, four years in prison; and on Count 15, two years in prison. The court explained that, pursuant to the Reagan Tokes Law, for Counts 2 and 12 the minimum is four years in prison, and the maximum is six years in prison with the presumption that he will be released after the minimum

time has been served.  The trial court sentenced Haynes to a total of seven years in prison, ordering the counts to run concurrent to each other.  The court also sentenced him to a mandatory minimum of 18 months to a maximum of three years of postrelease control.

{¶ 7}  The trial court stated that Haynes's sentence is to run consecutive to Haynes's two other criminal cases in Lorain County (22-CR-107142) and in Lake County (22-CR-000386).  The court made no findings in its journal entry regarding its decision to impose a consecutive sentence, other than announcing that Haynes's sentence would be consecutive.

{¶ 8}  Haynes appeals his sentence, and raises two assignments of error for our review:

> **Assignment of error I**
> The trial court erred by imposing consecutive sentences without engaging in the required analysis by R.C. 2929.14(c) and incorporating the findings into the sentencing journal entry.
>
> **Assignment of error II**
> The trial court erred by imposing an unconstitutional sentence pursuant to the Reagan Tokes Act.

## II.  Law and Analysis

### A.  First Assignment of Error — Consecutive Sentencing

{¶ 9}  Haynes's first assignment of error argues that the trial court erred by imposing consecutive sentences without making the requisite findings as required by R.C. 2929.14(C)(4) such that his sentence is unlawful.  We agree.

{¶ 10}  "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing

hearing and incorporate its findings into its sentencing entry . . . ." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.  Under R.C. 2929.14(C)(4), a trial court may order prison terms to be served consecutively if it finds "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."  Further, the court must also find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.

R.C. 2929.14(C)(4).

{¶ 11}  R.C. 2953.08(F) requires an appellate court to review the entire trial court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C. 2953.08(F)(1) through (4).

{¶ 12} The trial court is not obligated to state reasons to support its findings, "nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37. Indeed, "a word-for-word recitation of the language of the statute is not required and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id* at ¶ 29.

{¶ 13} "It is well-established that where a trial court has imposed consecutive sentences in a sentencing journal entry, but failed to make all of the requisite statutory findings in support of the imposition of consecutive sentences at the sentencing hearing, the imposition of consecutive sentences is contrary to law." *State v. Philpot*, 2020-Ohio-104, ¶ 27 (8th Dist.). *See, e.g., State v. Tidmore*, 2019-Ohio-1529, ¶ 21 (8th Dist.); *State v. Lariche*, 2018-Ohio-3581, ¶ 25 (8th Dist.). *See also State v. Percy*, 2024-Ohio-664, ¶ 9 (8th Dist.), citing *State v. Matthews*, 2015-Ohio-4072, ¶ 18 (8th Dist.), citing *State v. Frost*, 2014-Ohio-2645, ¶ 10 (8th Dist.).

{¶ 14} Here, we find the trial court failed to make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing. The court did note that Haynes had a criminal history pursuant to R.C. 2929.14(C)(4)(c), but that is the only finding the court made for a consecutive sentence. At the sentencing hearing the court made no findings about whether consecutive sentences were necessary to protect the public from future crime or to punish the offender. Additionally, the trial court did not find

that consecutive sentences were not disproportionate to the seriousness of Haynes's conduct nor that they were not disproportionate to the danger Haynes posed to the public.

{¶ 15} Furthermore, the court's journal entry is devoid of any of the factual findings required by R.C. 2929.14(C)(4). As noted, the only thing the court's journal entry stated regarding consecutive sentencing is "Case to run consecutive to 22CR107142 and 22 CR000386, or in the cases he is currently serving time on."

{¶ 16} In the instant case, we find trial court failed to make all the requisite statutory findings at the hearing or in the journal entry to support the imposition of consecutive sentences. Therefore, the imposition of consecutive sentences here is contrary to law. *Philpot*, 2020-Ohio-104, at ¶ 27 (8th Dist.); s*ee, e.g., Tidmore*, 2019-Ohio-1529, at ¶ 21 (8th Dist.); *Lariche*, 2018-Ohio-3581, at ¶ 25 (8th Dist.).

{¶ 17} When the trial court fails to make the required findings for consecutive sentencing the sentence must be vacated and the matter remanded to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and to make the necessary findings, if warranted. *State v. Banks*, 2023-Ohio-4655, ¶ 15 (8th Dist.), citing *State v. Tolbert*, 2023-Ohio-532, ¶ 10 (8th Dist.), citing *State v. Vargas*, 2015-Ohio-2856, ¶ 15 (8th Dist.), citing *State v. Nia*, 2014-Ohio-2527, ¶ 28 (8th Dist.); s*ee also Percy*, 2024-Ohio-664, at ¶ 9 (8th Dist.), citing *Matthews*, 2015-Ohio-4072, at ¶ 18 (8th Dist.), citing *Frost*, 2014-Ohio-2645, at ¶ 10 (8th Dist.).

{¶ 18} Therefore, because the trial court failed to make the proper findings required for the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4), Haynes's first assignment of error is sustained.

## B. Second Assignment of Error — Reagan Tokes

{¶ 19} Haynes's second assignment of error argues the trial court violated Haynes's constitutional rights when it imposed an indefinite prison term pursuant to the Reagan Tokes Law, R.C. 2967.271, which "requires that for certain first- and second-degree felony offenses, a sentencing court impose on the offender an indefinite sentence consisting of a minimum and a maximum prison term." *State v. Hacker*, 2023-Ohio-2535, ¶ 1. We disagree.

{¶ 20} Haynes argues that the Reagan Tokes Law is unconstitutional because it violates the right to a jury trial, the separation-of-powers-doctrine, and the right to due process.

{¶ 21} As this court has previously explained, the Ohio Supreme Court has rejected the arguments that the Reagan Tokes Law violates the separation-of-powers doctrine, the right to jury trial, or the right to due process. *State v. McLoyd*, 2023-Ohio-4306, ¶ 66 (8th Dist.), citing *Hacker* at ¶ 41. As such, Haynes's second assignment of error is without merit and is overruled.

{¶ 22} Judgment affirmed in part, vacated in part, and remanded for resentencing for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(2), and if so, to make the necessary findings and issue a journal entry reflecting all the required findings.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR