[Cite as *State v. Hampton*, 2026-Ohio-2319.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115495 |
| v. | : | |
| WILLIAM HAMPTON, JR., | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** June 18, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-698386-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew Boyko, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*


TIMOTHY W. CLARY, J.:

{¶ 1} Defendant-appellant William Hampton, Jr. ("Hampton") appeals from his sentence following a guilty plea in two criminal cases that were

consolidated by the trial court. For the following reasons, we affirm in part, vacate in part, and remand for proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2} On October 22, 2024, in Cuyahoga C.P. No. CR-24-695982-A ("Case 695982"), a Cuyahoga County Grand Jury indicted Hampton on two counts of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and one count of having weapons while under disability in violation of R.C. 2923.13(A)(1). The failure-to-comply counts each carried one- and six-year firearm specifications, and all three counts carried forfeiture specifications.

{¶ 3} The charges in Case 695982 arose from an August 26, 2024 incident in which Hampton was involved in a police chase. Hampton ultimately ran from the vehicle he had been driving, and a 3-D-printed firearm with a switch attachment — making the firearm a dangerous ordnance — was found on the driver's seat.

{¶ 4} On January 9, 2025, in Cuyahoga C.P. No. CR-25-698386-A ("Case 698386"), a Cuyahoga County Grand Jury indicted Hampton on one count of involuntary manslaughter in violation of R.C. 2903.04(A) in which the underlying felony was receiving stolen property; one count of involuntary manslaughter in violation of R.C. 2903.04(A) in which the underlying felony was vehicular assault; two counts of failure to stop after an accident in violation of R.C. 4549.02(A)(1)(a); one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a); two counts of vehicular assault in violation of R.C. 2903.08(A)(2)(b); and one count of receiving stolen property in violation of R.C. 2913.51(A).

{¶ 5} The charges in Case 698386 arose from a July 21, 2024 car accident in which Hampton was driving a stolen Dodge Durango in Cleveland, Ohio and struck a pole.[1] Two people were thrown from the vehicle; one was hospitalized with serious injuries and the other was pronounced dead on the scene. The other individuals in the vehicle, including Hampton, fled the scene. Hampton was identified as the driver of the vehicle because his DNA was found on the driver's side airbag.

{¶ 6} Hampton originally pleaded not guilty to all charges in both cases. On April 29, 2025, the State moved to consolidate the cases for trial. On June 2, 2025, the court granted the motion and the cases were consolidated.

{¶ 7} On June 16, 2025, the court held a change-of-plea hearing. In Case 695982, Hampton pleaded guilty to one count of failure to comply with a six-year firearm specification and a forfeiture specification, one count of receiving stolen property, one count of unlawful possession of a dangerous ordnance with a six-year firearm specification, and one count of obstructing official business. The remaining counts and specifications in that case were dismissed. In Case 698386, Hampton pleaded guilty to one count of involuntary manslaughter, one count of failure to stop after an accident, one count of aggravated vehicular homicide, two counts of vehicular assault, and one count of receiving stolen property. The remaining counts and specifications were dismissed.

---

[1] While Case 698386 was initiated several months after Case 695982, the incident in Case 698386 took place approximately one month prior to the incident in Case 695982.

{¶ 8} On July 30, 2025, the court held a sentencing hearing. The court stated that it had reviewed the presentence-investigation report, and a family member of one of the victims addressed the court, along with the assistant prosecuting attorney, defense counsel, Hampton's mother, and Hampton. In Case 695982, the court sentenced Hampton to nine months' imprisonment for failure to comply, to be served consecutively to the remaining charges; 12 months for receiving stolen property; six months for unlawful possession of a dangerous ordnance, together with six years for the attendant firearm specification to be served consecutively; and 12 months for obstructing official business. With the exception of the firearm specification and the failure-to-comply sentence, the sentences were ordered to be served concurrently, for a prison sentence of seven years and three months.

{¶ 9} In Case 698386, the court sentenced Hampton to 36 months' imprisonment for involuntary manslaughter, 36 months for failure to stop after an accident, 12 months for aggravated vehicular homicide, and 12 months for receiving stolen property. The court ordered the sentence for aggravated-vehicular homicide to be served consecutively to the remaining sentences, for a total prison sentence of four years. The sentences in Cases 698386 and 695982 were ordered to be served concurrently.

{¶ 10} Hampton appealed. He now raises one assignment of error for our review:

> Defendant's rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Article 1,

Sections 9 and 16 of the Ohio Constitution, were violated by the trial court's imposition of sentences which were contrary to law.

**Law and Analysis**

{¶ 11} In his sole assignment of error, Hampton challenges his sentence with two arguments. First, he argues that the consecutive sentences imposed in Case 698386 were contrary to law because the trial court failed to make the required findings before imposing consecutive sentences under R.C. 2929.14(C)(4) and because the sentence was not clearly and convincingly supported by the record. Second, he argues that the maximum sentences the court imposed in Case 698386 are contrary to law and not supported by the record.

{¶ 12} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by certain sentencing statutes or the sentence is "otherwise contrary to law."

{¶ 13} Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 2014-Ohio-3177, ¶ 20-22. Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following applies:

(1) The offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under post-release control for a prior offense;

(2) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

(3) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 14} To impose consecutive terms of imprisonment, a trial court must make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at syllabus. An exact recitation of the statutory language is not required, as long as a reviewing court can discern that the trial court engaged in a proper analysis and findings. *Bonnell* at ¶ 37. Further, the trial court is not obligated to state reasons to support its findings. *State v. Haynes*, 2024-Ohio-3190, ¶ 12 (8th Dist.).

{¶ 15} At the sentencing hearing, the court made the following findings on the record:

Whether recidivism is less likely under 2929.12(D), I think for the next several years it's hard to say that these offenses would not occur again. I mean, his co-defendant is continuing to engage in the same kind of conduct that led to the accident and subsequent death of Mr. Appling in 698386. And then he engaged in the same kind of activity in 695982 just a month later after being in that accident in a stolen vehicle.

The law generally presumes a concurrent sentence, but in Case Number 698386 I don't find that a concurrent sentence is appropriate. I do find that the harm is so great or unusual that a single term would not adequately reflect the seriousness of his conduct. And there were two victims. One of the victims, Mr. Appling, died as a result of the accident. One of the victims went to the hospital. He was seriously hurt. And the stopping after the accident, I just don't see that there's any excuse for that, that you would just leave your friend there. I just — like it's almost impossible for me to understand how you can leave somebody that is a quote, friend of yours without calling for help or 911 or doing something and running away from that.

I find that the incidents are — the harm under the law is so great or unusual that a single term would not adequately reflect.

(Tr. 109-110.)

{¶ 16} Hampton specifically argues that the trial court failed to make the second required finding pursuant to R.C. 2929.14(C)(4) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, the proportionality finding. We agree with Hampton that the trial court's proportionality finding was deficient.

{¶ 17} This court has consistently held that

[w]hile a word-for-word recitation of the language of the statute is not necessary, the proportionality finding is stated as a conjunctive phrase and the trial court is required to consider the proportionality of the sentence regarding both the seriousness of the offender's conduct *and* the danger the offender poses to the public.

*State v. Banks*, 2023-Ohio-4655, ¶ 14 (8th Dist.) The *Banks* Court found that the trial court failed to make the proportionality finding even though the trial court had stated it found "that consecutive sentences [were] not disproportionate to the seriousness of the offender's conduct." *Id.* at ¶ 13.

{¶ 18} In reaching the conclusion that the trial court failed to make a necessary finding, we reject the State's assertion that the finding can be inferred from the court's discussion of the seriousness of Hampton's conduct. While it is clear from the record that the court considered the seriousness of Hampton's conduct, this is insufficient to discern that the trial court found that consecutive sentences were not disproportionate to the seriousness of Hampton's conduct and to the danger Hampton poses to the public.

{¶ 19} When the trial court fails to make the required findings for consecutive sentencing, the sentence must be vacated and the matter remanded to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and to make the necessary findings, if warranted. *State v. Haynes*, 2024-Ohio-3190, ¶ 17 (8th Dist.), citing *Banks* at ¶ 15, citing *State v. Tolbert*, 2023-Ohio-532, ¶ 15 (8th Dist.), citing *State v. Vargas*, 2015-Ohio-2856, ¶ 15 (8th Dist.), citing *State v. Nia*, 2014-Ohio-2527, ¶ 28 (8th Dist.). Accordingly, we vacate Hampton's sentence and remand for resentencing based on the trial court's failure to make the proportionality finding required to impose consecutive sentences.

{¶ 20} With respect to Hampton's argument that the trial court erred in imposing maximum sentences on the convictions for involuntary manslaughter and failure to stop after an accident, Hampton argues that the imposition of maximum sentences was contrary to law because they lacked supporting findings consistent with R.C. 2929.12 and 2929.13. We disagree.

{¶ 21} A maximum sentence for a felony conviction "is not contrary to law provided that 'the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.'" *State v. Matos*, 2026-Ohio-932, ¶ 8 (8th Dist.), quoting *State v. Seith*, 2016-Ohio-8302, ¶ 12 (8th Dist.), citing *State v. Keith*, 2016-Ohio-5234, ¶ 10, 16 (8th Dist.). Because R.C. 2929.11 and 2929.12 are not factfinding statutes, the trial court must "'consider' the factors [but] it is not required to make specific findings on the record regarding its consideration of those factors." *Id*. at ¶ 9, citing *State v. Pate*, 2021-Ohio-1089, ¶ 3 (8th Dist.). Consideration of the statutory factors is presumed unless the defendant affirmatively shows otherwise. *Id*.

{¶ 22} Here, the record reflects that the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, and Hampton has not affirmatively shown otherwise. Therefore, we do not find that the trial court erred in imposing maximum sentences, and the imposition of maximum sentences was not contrary to law.

{¶ 23} Hampton's assignment of error is sustained in part and overruled in part.

{¶ 24} Judgment affirmed in part, vacated in part, and case remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIMOTHY W. CLARY, JUDGE

EILEEN T. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR